**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| MELISSA RYAN, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | **Electronically filed** |
| STATE OF NEW JERSEY, | : | |
| DEPARTMENT OF MILITARY AND | : | DOCKET NO: |
| VETERAN AFFAIRS AND JOHN DOES | : | |
| 1-5 AND 6-10. | : | **COMPLAINT AND JURY DEMAND** |
| Defendant. | | |

Plaintiff, Melissa Ryan, residing in the State of New Jersey, by way of Complaint against

the defendant, says:

## Preliminary Statement

This matter is opened to the Court pursuant to the New Jersey Law Against

Discrimination ("LAD") alleging the sexual harassment and retaliation, and Title VII of the Civil

Rights Act of 1964 for sexual harassment and retaliation.

**Jurisdiction and Venue**

Jurisdiction of the Court is invoked pursuant to 28 USC §§1331 & 1343(3) and the aforementioned statutory provisions.

Jurisdictions lies over the state law claims based on the principles of supplemental jurisdiction as codified at 28 USC §1367.

The amount in controversy exclusive of interest, fees and costs exceeds the sum of $100,000.00.

All claims herein arose within the jurisdiction in the United States District Court for the District of New Jersey and involve the defendant who resides within the jurisdictional limits. The venue has accordingly been invoked pursuant to the dictates of 28 USC§1391(B) &(C).

Plaintiff exhausted her administrative remedies pursuant to Title VII of the 1964 Civil Rights Act in that she filed a claim with the Equal Employment Opportunity Commission ("EEOC") on February 17, 2017.

On May 16, 2017, the EEOC sent and issued a Right to Sue letter to plaintiff allowing her to file this claim in Federal Court.

**Identification of Parties**

1.      Plaintiff Melissa Ryan is a female residing in the State of New Jersey who is formerly an employee of defendant Department of Military and Veteran Affairs.

2.      Defendant State of New Jersey, Department of Military and Veteran Affairs ("DMVA") is operated by the State of New Jersey at 101 Eggert Crossing Road, Lawrence Township, New Jersey 08648.

2a.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, based on their direct acts or based upon *respondeat superior*, are answerable to plaintiff for the acts and omissions sets forth herein.

## General Allegations

3.     Plaintiff began working for defendant on or around February 8, 2016 at a youth program located at Fort Dix, New Jersey.

4.     From February 2016 through November 2016, plaintiff was subjected to sexual harassment at the hands of the cadets on a regular basis.

5.     Plaintiff was terminated from her employment with DMVA on or around November 21, 2016.

6.     The sexual harassment that plaintiff was subjected to included cadets attempting to touch plaintiff's breasts.

7.     The sexual harassment also included both verbal and written remarks from the cadets indicating that they wanted to perform sexual acts with plaintiff.

8.     The sexual harassment also included the cadets performing actions where they mimicked performing sexual acts.

9.     The sexual harassment also included drawings depicting plaintiff performing sexual acts.

10.     The cadets also wrote letters describing in explicit detail the sexual acts they wanted to perform with plaintiff.

11.     Plaintiff reported all of these sexually harassing activities on multiple occasions to the Student Service Coordinator, John Goos, the Commandant, Melissa Stubblefield and the Program Director, Victoria Raguchi.

12.     Despite plaintiff's complaints, nothing was ever done to stop the harassment, and the harassment continued after her complaints were made.

13.     In fact, after plaintiff complained about the harassment, it became worse.

14.     On or around November 21, 2016, plaintiff was terminated from her employment.

15.     At the time plaintiff was terminated from her employment with defendant, plaintiff was performing her job up to and above expectations.

16.     All of the sexual harassment that plaintiff was subjected to was unwelcomed by plaintiff.

17.     Plaintiff is a female.

18.     All harassment herein is alleged to be severe or pervasive.

19.     All harassment herein is alleged to have been because of plaintiff's sex or gender.

20.     All harassment set forth herein is such that a reasonable woman in plaintiff's circumstance would have found her work environment altered to have become hostile, intimidating or abusive.

21.     Plaintiff's work environment did so alter.

22.     The harassment was purposeful, intentional and willful, and members of upper management knew or should have known about the harassment, and were willfully indifferent to the harassment

23.     Because the harassment was intentionally egregious, and because members of upper management knew or should have known about the harassment and were willfully indifferently to the harassment, punitive damages are warranted.

24.     Defendant is responsible for the harassment because it failed to reasonably promulgate a policy prohibiting the same, and because members of upper management knew or should have known about the harassment and were willfully indifferent to the harassment.

25.     Defendant is further liable for the harassment because plaintiff informed defendant of the harassment and defendant failed to take prompt and effective remedial measures to stop the harassment.

26.     Plaintiff claims additional protected status as an individual who advanced her rights under the LAD and Title VII of the 1964 Civil Rights Act by making complaints and objecting to the sexual harassment.

27.     Plaintiff was subjected to adverse actions as a result of making these complaints, including being terminated.

28.     Plaintiff's complaints and objections to the sexual harassment were a determinative or motivating factor in the adverse employment actions taken against her.

29.     Because the sexual harassment and retaliation were knowing, intentional and purposeful, punitive damages are warranted, because the conduct was undertaken by members of upper management.

30.     As a result of the unlawful conduct outlined above, plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### <u>Sexual Harassment Under the LAD</u>

31.     Plaintiff hereby repeats and realleges paragraphs 1 through 30, as though fully set forth herein.

32.     The conduct set forth above constitutes sexual harassment and is the responsibility of the defendant both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, plaintiff demands judgment against the defendant jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### <u>Retaliation Under the LAD</u>

33.     Plaintiff hereby repeats and realleges paragraphs 1 through 32, as though fully set forth herein.

34.     Plaintiff engaged in protected activity pursuant to the LAD in objecting to and making complaints about sexual harassment she was subjected to.

35.     As a result of plaintiff's protected activity, she was subjected to adverse employment action including, but not limited to, being terminated.

WHEREFORE, plaintiff demands judgment against the defendant jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys'

fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

**COUNT III**

**<u>Sexual Harassment Under Title VII</u>**

36.    Plaintiff hereby repeats and realleges paragraphs 1 through 35, as though fully set forth herein.

37.    The conduct set forth above constitutes sexual harassment and is the responsibility of the defendant both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, plaintiff demands judgment against the defendant jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

**COUNT IV**

**<u>Retaliation Under Title VII</u>**

38.    Plaintiff hereby repeats and realleges paragraphs 1 through 37, as though fully set forth herein.

39.    Plaintiff engaged in protected activity pursuant to Title VII of the 1964 Civil Rights Act in objecting to and making complaints about sexual harassment.

40.    As a result of plaintiff's protected activity, she was subjected to adverse employment actions including, but not limited to, being terminated.

WHEREFORE, plaintiff demands judgment against the defendant jointly, severally and in the alternative, together with compensatory damages, including emotional distress and

personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT V

## Request for Equitable Relief

41.     Plaintiff hereby repeats and realleges paragraphs 1 through 40, as though fully set forth herein.

42.     Plaintiff requests the following equitable remedies and relief in this matter.

43.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

44.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

45.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

46.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

47.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

48.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

49.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**


**By:  <u>/s/ Kevin M. Costello</u>**

Dated:  June 27, 2017                       **Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**


**By:  /s/ Kevin M. Costello**
Dated:  June 27, 2017                               **Kevin M. Costello**


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**


**By:  /s/ Kevin M. Costello**
Dated:  June 27, 2017                               **Kevin M. Costello**

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**

**By:  /s/ Kevin M. Costello**

Dated:  June 27, 2017                    **Kevin M. Costello**